IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS R. MILLER
    PLAINTIFF,

V.                                       CIVIL DOCKET # 1:06-CV-00349 GMS

WARDEN THOMAS CARROLL
DE            DEFENDANT,

Dr. Maggie BAILEY
ADMINISTRATIVE MEDICAL DEPT.
              DEFENDANT,

CONTRACTOR CMS
              DEFENDANT.

## PETITION FOR MEMORANDUM OF LAW



FILED
AUG -7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Thomas R Miller
Thomas R Miller
Delaware Correctional Center
1181 Paddock Rd
Smyrna, De 19977

DATED: 8-3-06

Section B

# TABLE OF CONTENTS

TABLE OF CITATIONS..................................................i
NATURE AND STAGE OF PROCEEDINGS.....................1
SUMMARY OF ARGUMENT...................................2
STATEMENT OF FACTS......................................3

ARGUMENTS:

1. PLAINTIFF WAS OVERMEDICATED WITH IRON PILLS TWICE A DAY FOR LOW HEMOGLOGEN BLOOD LEVEL FROM JANUARY 2004 TO JUNE 2004, WITHOUT BEING MONITORED BY DOCTOR OR NURSE MEDICAL STAFF, WHICH CAUSED ACID REFLUX DISEASE TO PLAINTIFF, IN WHICH HE STILL SUFFERS AND TAKES ZANTAK TWICE A DAY TO THE PRESENT. THIS IS CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENCE.

# TABLE OF CITATIONS

Miller v. Correctional Medical Systems Inc. 802 F. Supp. 1126 (2)
U.S.C.A. Const. Amend 8. .................................................... 3
Montgomery v. Pinchak 294 F.3d 492 ............................................ 3
Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct 285, 50 L.Ed 2d
251 1976; ...................................................................... 3
Durmer v. O'Carroll 991 F.2d 64, 67 (3d cir 1993) ............................. 3
Durmer v. O'Carroll M.D. 991 F.2d 64, 68 (3d cir. 1993 ........................ 3
Estelle v. Gamble cite as 429 U.S. 97, 97 S. Ct 285 Civil Rights
78 1091 ....................................................................... 4
U.S.C.A. Const. Amend. 8; 42 U.S.C.A. § 1983 .................................. 4
In Spicer v. Williamson 191 N.C. 487, 490, 132 S.E. 291, 293(1926) 4
Gregg v. Georgia Supra, at 173, 96 S. Ct at 2925 8. Amend .................... 4
Title 42 U.S.C. § 1983 ........................................................ 4

## STATEMENT OF FACTS

In January 04 Plaintiff put an sick call slip in for high blood pressure as he thought at the time, he blacked out twice. Plaintiff was seen by Dr. Maggie Bailey (once) her diagnosis was plaintiff haves a very low Hemaglogen blood level. Dr. Bailey prescribed iron pills twice a day for about (5) months, (unaware) at the time plaintiff was over medicated because he would throw up 2 to 3 times a day after each meal. In the middle of June 04 Head nurse Brenda Hanwarta put plaintiff on acid reflux medication [Zantak]. She then [quoted] you have been overmedicated with iron pills which to the present acid reflux disease, also you have not been monitered from the time you started taking iron pills by looking at your medical file at the time you were housed in Bldg 22. Right then head nurse Brenda Honwarta declared plaintiff a chronic needing the Zantak twice a day, and that he should remain recieving the zantak permanently. This lasted to June 05. this is a scary situation.

Plaintiff was then cut-off without any check up from any proffessional medical staff. He then put an sick call (Again) after experiencing severe painful erosion by throwing up after each meal, He did not know what was about to happen to him. In July 05 he was seen on the sick call (again) explaining this serious scary situation, I was told by nurse he will recieve acid reflux medication for 3 months then you will have to put another sick call in and be charged for the visit. this happened again. Plaintiff explained that he is a chronic and was put on this medication permanently because being over-medicated with iron pills. On September 13, 2006 plaintiff filed a grievance on the Medical Dept at DCC for the present health issue it was then sent to investigator Lee Ann Dunn it was resolved on October 5, 05 to reorder [Zantak] Please see One exhibit 1 Grievance Report.

Convicts 98(6) under the exhaustion requirement of the Prison Litigation Reform Act [PLRA] when a prisoner seeks relief not available in grievance proceedings, notably money damages, administrative exhaustion is a pre-requisite to suit. Civil Rights of Institutionalized Person Act, § 7(a) 42. U.S.C.A. § 1997 e(a).

## ARGUMENT 1

<u>Plaintiff was overmedicated with iron pills twice a day for low Hemoglogen blood level from January 2004 to June 2004 without being monitored by Doctor or nurse medical staff, which caused acid reflux disease to plaintiff,</u> in which he still suffers and takes Zantak twice a day to the present. This is cruel and unusual punishment and Deliberate indifference

1. The crux of the <u>complaint</u> is, this could been prevented in the early stages when taking iron pills, if plaintiff was monitered on the basis to see if his Hemoglogen blood level had come up, not experiencing the pain from erosion of the esophagus behind throwing up. Plaintiff immediately brought this to the attention of the medical staff, staff could have care less, and would not pull medical record to understand what plaintiff was experiencing. Plaintiff have been intentionally neglected the proper treatment for not being monitored, and denied checkout by the Medical staff which led to acid reflux, a disease which he never had in his entire life. Plaintiff is presently experiencing the pain and suffering of this disease, he haves to stand up (30) minutes after each meal, after taken medication and at least twice a week still experiencing acid back up through esophagus which is causing emotional distress of knowing that it can lead to other serious problems (such as heart. <u>Miller v. Correctional Medical Systems, Inc.</u> 802 F. Supp. 1126 Prison's failure to give adequate medical treatment to

(2)

Prisoners is constitutional violation when it results from deliberate indifference to prisoner's serious illness or injury. U.S.C.A. Const. Amend 8.

Plaintiff argues that CMS can be held liable for Dr. Maggie Bailey's failure violated his constitutional rights by demonstrating deliberate indifference to his serious medical need for not being monitored while he was on iron pills twice a day that led to his serious, present acid reflux disease there is nothing in his medical record showing that he was in Montgomery v. Pinchak ever checked to see if his blood had come up. To demonstrate Cite as 294 F.3d 492) a prima facie case of cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that defendant acted "with deliberate indifference to his or her serious medical needs." See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.ct 285, 50 L. Ed 2d 251 (1976); Durmer v. O'Carroll 991 F.2d 64, 67 (3d cir. 1993). This standard has two elements; First plaintiff must make an objective "showing that the deprivation was sufficiently serious," that the results of defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind. Plaintiff here shows the deprivation of Defendant Dr. Maggie Bailey was sufficiently serious, and she was acting on culpable state of mind of not following up on a serious health condition that could have been prevented. Again plaintiff meets both elements medical record will show that it was deliberate indifference to his serious medical condition. Durmer v. O'Carroll MD. 991 F.2d 64, 68 (3d cir. 1993 noting that deliberate indifference may exist in a variety of different circumstances including

(3)

where prison authorities prevent an inmate from recieving recommended treatment," or where knowledge of the need for medical care (is accompanied) by the intention refusal to provide that care."). In Estelle v. Gamble cite as 429 U.S. 97, 97 S.Ct. 285) Civil Rights 78 1091 In order to state a cognizable claim under civil rights statue because of inadequate medical care, prisoner must allege acts or ommissions sufficiently harmful to evidence deliberate indifference to serious medical needs. U.S.C.A. Const. Amend. 8; 42, U.S.C.A §1983. Green v. First Correctional Medical F. Supp. 2d ... 2006 WL 1266395 (D. Del May 10, 2006) No. Civ. A, 04-027 (KAJ) Punishment 350 HVII cruel and unusual punishment in General 350 HVII (H) Conditions of Confinment 350 HK 1546K Medical care and treatment. Under Eighth Amendment, states have duty to provide adequate medical care to those it is punishing by incarceration. U.S.C.A Const. Amend 8. In Spicer v. Williamson 191 N.C. 487, 490, 132, S.E. 291, 293 (1926) We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unecessary and wanton infliction of pain," Gregg v. Georgia supra at 173, 96 S.ct at 2925 (joint opinion) proscribed by the Eigth Amendment. This is true whether the indifference is manifested by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced deliberate indifference to a prisoners serious illness or injury states a cause of action under s 1983 Named Defendants in present complaint Warden Thomas Carroll, Dr. Maggie Bailey Administrative Medical Dept, Contractor CMS ST. Louis MO. are liable. Title 42 U.S.C. § 1983 Provides: Every person who under color of any statue ordinance regulation custom or usage

of any state or Territory, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, priviledges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

## Conclusion

The failure of Dr. Bailey to follow up along with the medical staff for not having Plaintiff monitored, checked of being placed on iron pills that was prescribed twice a day for (5) months that caused plaintiff to become overmedicated that led to acid reflux disease and unwanted pain and suffering from injury of erosion in the esophagus stomach acids backing up causing vomiting after each meal 2 to 3 times a day. Plaintiff must continue to be on Zantak for acid reflux twice a day inorder to keep it somewhat undercontrol. Plaintiff proves deliberate indifference that Dr. Maggie Bailey was acting on culpable state of mind of not following up, which could have been prevented if he was monitored either by her or medical staff. Which is indecent, inhuman of not being provided of adequate treatment.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands that a declaratory judgement be entered against defendants, jointly and severally, in addition to all other damages in favor of plaintiff

I. For $100,000 dollars compensatory damages from each named defendant for damages and injury of being overmedicated which led to acid reflux.desease to plaintiff.

II. For $100,000 dollars for punitive damages from each named defendant for damages specified implied in this civil complaint in addition to all other relief.

III. For damages for mental anguish and emotional distress.

IV.

IV. For nominal and special damages.

V. For declaratory judgement and injunctive relief.

VI. For any other relief this Court may deem appropriate.

DATED: ~~8-2-2006~~ 
8-3-2006

Respectfully submitted,
Thomas R Miller
Thomas R. Miller
Delaware Corr. Center
Smyrna, Delaware 19977

Case 1:06-cv-00349-GMS   Document 10   Filed 08/07/2006   Page 10 of 17

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 09/23/2005

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** MILLER, THOMAS R | **SBI#** : 00144108 | **Institution** : DCC |
| **Grievance #** : 17570 | **Grievance Date** : 09/13/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status** : | **Resol. Date** : |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 09/13/2005 | **Incident Time** : |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg 17 Lower, Tier A, Cell 1, Single | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims he is being denied Zantac for his acid reflux disease.

**Remedy Requested** : Inmate states: My purpose for this medical grievance I'm to be on Zantac acid reflux medication permanently not just 6 weeks then have to put in another sick call slip for the very same problem. I'm already experiencing. Head Nurse Brenda in July 2004 put me on this medication permanently because of being over medicated on Iron medicine.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance:** YES | **Date Received by Medical Unit:** 09/21/2005 |
| **Investigation Sent:** 09/21/2005 | **Investigation Sent To** : Dunn, Lee Anne |
| **Grievance Amount:** | |

DCC Delaware Correctional Center                                    Date: 09/23/2005
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# INFORMAL RESOLUTION

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** MILLER, THOMAS R | **SBI#** : 00144108 | **Institution** : DCC |
| **Grievance #** : 17570 | **Grievance Date** : 09/13/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 09/13/2005 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 17, Lower, Tier A, Cell 1, Single | |

## INFORMAL RESOLUTION

**Investigator Name** : Dunn, Lee Anne         **Date of Report** 09/21/2005

**Investigation Report :**

**Reason for Referring:**

\* Schedule ā MD
\* reorder Zantac

**Offender's Signature:** Thomas R Miller

**Date** : 10/05/05

**Witness (Officer)** : D Meggett, RN

DCC Delaware Correctional Center 09/21/2005
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** MILLER, THOMAS R | **SBI#:** 00144108 | **Institution:** DCC |
| **Grievance #:** 17570 | **Grievance Date:** 09/13/2005 | **Category:** Individual |
| **Status:** Unresolved | **Resolution Status:** | **Resol. Date:** 10-5-05 |
| **Grievance Type:** Health Issue (Medical) | **Incident Date:** 09/13/2005 | **Incident Time:** |
| **IGC:** Merson, Lise M | **Housing Location:** Bldg 17, Lower, Tier A, Cell 1, Single | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims he is being denied Zantac for his acid reflux disease.

**Remedy Requested:** Inmate states: My purpose for this medical grievance I'm to be on Zantac acid reflux medication permanently not just 6 weeks then have to put in another sick call slip for the very same problem. I'm already experiencing. Head Nurse Brenda in July 2004 put me on this medication permanently because of being over medicated on Iron medicine.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance:** YES | **Date Received by Medical Unit:** 09/21/2005 |
| **Investigation Sent:** 09/21/2005 | **Investigation Sent To:** Dunn, Lee Anne |
| **Grievance Amount:** | |

Page 1 of 2

SCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## INFORMAL RESOLUTION

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : MILLER, THOMAS R | SBI# : 00144108 | Institution : DCC |
| Grievance # : 17570 | Grievance Date : 09/13/2005 | Category : Individual |
| Status : Unresolved | Resolution Status: | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 09/13/2005 | Incident Time : |
| IGC : Merson, Lise M | Housing Location : Bldg 17, Lower, Tier A, Cell 1, Single | |

### INFORMAL RESOLUTION

Investigator Name : Dunn, Lee Anne                Date of Report 09/21/2005

Investigation Report :

Reason for Referring:

(Resolved)

Offender's Signature: _Thomas R Miller_

Date : 10-5-05

Witness (Officer) : _Lanvay (nurse)_

Page 2 of 2

DCC  Delaware Correctional Center  
Smyrna Landing Road  
SMYRNA DE, 19977  
Phone No. 302-653-9261  
Date: 12/27/2005

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** MILLER, THOMAS R | **SBI#:** 00144108 | **Institution:** DCC |
| **Grievance #:** 17570 | **Grievance Date:** 09/13/2005 | **Category:** Individual |
| **Status:** Resolved | **Resolution Status:** Level 1 | **Resol. Date:** 12/27/2005 |
| **Grievance Type:** Health Issue (Medical) | **Incident Date:** 09/13/2005 | **Incident Time:** |
| **IGC:** Merson, Lise M | **Housing Location:** Bldg 17, Lower, Tier A, Cell 1, Single | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims he is being denied Zantac for his acid reflux disease.

**Remedy Requested:** Inmate states: My purpose for this medical grievance I'm to be on Zantac acid reflux medication permanently not just 6 weeks then have to put in another sick call slip for the very same problem. I'm already experiencing. Head Nurse Brenda in July 2004 put me on this medication permanently because of being over medicated on Iron medicine.

## INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance:** YES | **Date Received by Medical Unit:** 09/21/2005 |
| **Investigation Sent:** 09/21/2005 | **Investigation Sent To:** Dunn, Lee Anne |
| **Grievance Amount:** | |

DCC Delaware Correctional Center   Date: 12/27/2005
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name:** MILLER, THOMAS R | **SBI#** : 00144108 | **Institution** : DCC |
| **Grievance #** : 17570 | **Grievance Date** : 09/13/2005 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status:** Level 1 | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 09/13/2005 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 17, Lower, Tier A, Cell 1, Single | |

## INFORMAL RESOLUTION

**Investigator Name** : Dunn, Lee Anne         **Date of Report** 09/21/2005

**Investigation Report :**

**Reason for Referring:**


**Offender's Signature:** _____

**Date** : _____

**Witness (Officer)** : _____

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 12/27/2005

## GRIEVANCE INFORMATION - IGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : MILLER, THOMAS R | SBI# : 00144108 | Institution : DCC |
| Grievance # : 17570 | Grievance Date : 09/13/2005 | Category : Individual |
| Status : Resolved | Resolution Status : Level 1 | Inmate Status : |
| Grievance Type: Health Issue (Medical) | Incident Date : 09/13/2005 | Incident Time : |
| IGC : Merson, Lise M | Housing Location : Bldg 17, Lower, Tier A, Cell 1, Single | |

### IGC

Medical Provider:                              Date Assigned

Comments:

☐ Forward to MGC          ☐ Warden Notified

☐ Forward to RGC          Date Forwarded to RGC/MGC : 12/27/2005

☑ Offender Signature Captured     Date Offender Signed   : 12/27/2005

Thomas R. Miller
#144108 Bldg 21
Delaware Correctional Center
1181 Paddock Rd
Smyrna, DE 19977

U.S.M.S
X-RAY

Office of the Clerk
United States District Court
844 N. King Street, Lock box 18
Wilmington, Del 19801-3570

Legal Mail