IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS R. MILLER,
    Plaintiff,

v.

DR. MAGGIE BAILEY, CMS, and
FIRST CORRECTIONAL MEDICAL, INC.,
    Defendants.

Civ. Action No. 06-349-GMS

BD scanned
FILED
MAY -3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## AMENDED COMPLAINT AGAINST FIRST CORRECTIONAL MEDICAL INC, TO ORIGINAL COMPLAINT 1983 CIVIL RIGHTS ACT, 42 U.S.C 1983, FILED MAY 22, 2006 UNDER RULE 15.1

(1) Plaintiff Thomas R. Miller starting iron medication (pills) twice a day from January 04 to the middle of June 04 (6) six months for a low Hemagloden blood level, in which Plaintiff already been diagnosed early January 04 by Dr. Maggie Bailey.

(2) Throughout the entire (6) six months Plaintiff Miller was never monitored by any of the medical staff at DCC, and realized that he had been overmedicated by the iron medication pills, which caused him to have acid reflux, in which he could not hold his food down without throwing up acid from the stomach and erosion in the esophagus.

(3) Plaintiff Miller takes acid reflux medication twice a day, as of to this date, he still suffers dailey acid reflux disease, Dr. Maggie Bailey acted with deliberate indifference by not having Plaintiff monitored to see if his blood level had come up to its normal level, and is neglegent and to be held responsible



For the overmedicating of Plaintiff Thomas R. Miller which led him to have acid reflux desease. Also at the same time Department of Corrections and State of Delaware had a contact with First Correctional Medical Inc (Arizona Base) they are to be held liable for the negligent Deliberate indifference of Dr. Maggie Bailey. Whalen v. Correction Medical Service, F. Supp. 2d 2003 WL 21994752 (D. Del, Aug 18, 2003)(NO. 02-246-JJF) Cruel and Unusual Punishment by failing to provide adequate Medical treatment. Specifically, Plaintiff contends that Defendants refused to perform back surgery on Plaintiff, Caused Plaintiff to suffer a narcotic overdose, and discontinued the administration of necessary pain medication. Derrickson v. Keve, 390 F. Supp. 905 (D. Del, Mar 07 1975 (NO. Civ. 74-110) Punishment 350 HVII Cruel and Unusual Punishment in General 350 HVII) Conditions of Confinement 350 HK 1546K. Medical Care Treatment. Formerly 110 K 1213. 10(3), 110 K 1213) It is only where an inmates complaint of improper or inadequate medical treatment depicts conduct so cruel or unusual as to approach a violation of the Eighth Amendment's Prohibition of such punishment.

Green v. First Correctional Medical --- F. Supp. 2d --, 2006 WL 1266395 D. Del, May 10, 2006 Punishment 350 HVII Cruel and Unusual Punishment in General 350 HVII(H) Conditions of Confinement 350 HK 1546K. Medical Care and Treatment. Under Eighth Amendment, States have duty to Provide adequate Medical Care to those it is Punishing by incarceration. U.S.C.A. Const. Amend 8. [3] 350 H Sentencing and Punishment 350 HVII Cruel and Unusual Punishment.

Your Honor, Sir Please strike nominal and special damages on the prayer for relief of the complaint memorandum of law.

## Conclusion

Plaintiff Miller proves deliberate indifference that Dr. Maggie Bailey was acting on culpable state of mind of not following up, which could have been prevented if he was monitored either by her or Medical staff. Which is indecent inhuman of not being provided of adequate treatment.

DATED:

Respectfully Submitted
Thomas R. Miller
DCC, 1181 Paddock Rd

FM: Thomas R. Miller
SBI# 144108   UNIT: MHU Bldg 23 B-L-4
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S. X-RAY

$02.07
MAILED FROM ZIP CODE 19977
MAY 02 2007

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801-3570

Legal Mail