IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS R. MILLER, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06-349 GMS |
| | : | |
| v. | : | |
| | : | |
| DR. MAGGIE BAILEY, CMS, and FIRST CORRECTIONAL MEDICAL, INC., | : : : | |
| | : | |
| Defendants. | : | |

**DEFENDANT CMS'S ANSWER TO PLAINTIFF'S COMPLAINT, PLAINTIFF'S PETITION FOR MEMORANDUM OF LAW AND PLAINTIFF'S AMENDED COMPLAINT**

Defendant Correctional Medical Services, Inc. ("CMS"), by and through its undersigned counsel of record, hereby responds to Plaintiff's Complaint, Plaintiff's Petition for Memorandum of Law, and Plaintiff's Amended Complaint, and states as follows:

1. To the extent the allegations of Plaintiff's Complaint, Plaintiff's Petition for Memorandum of Law and Plaintiff's Amended Complaint state conclusions of law, no response is required.

2. To the extent the allegations of Plaintiff's Complaint, Plaintiff's Petition for Memorandum of Law and Plaintiff's Amended Complaint recite the contents of medical records, such documents speak for themselves and all allegations inconsistent with such records are denied.

3. To the extent the allegations of Plaintiff's Complaint, Plaintiff's Petition for Memorandum of Law, and Plaintiff's Amended Complaint address the conduct of parties, individuals or entities other than CMS, no response by CMS is required.

4. CMS denies that it was responsible, either directly or through *respondeat superior*, for any violation of Plaintiff's constitutional rights.

5. CMS denies that it was responsible, either directly or through *respondeat superior*, for any violation of 42 U.S.C. § 1983.

6. CMS denies that it was responsible, either directly or through *respondeat superior*, for any medical negligence.

7. CMS denies that it acted, either directly or through *respondeat superior*, with deliberate indifference to Plaintiff's medical needs.

8. CMS denies that Plaintiff's medical needs were "serious".

9. CMS is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of Plaintiff's Complaint, Plaintiff's Petition for Memorandum of Law, and Plaintiff's Amended Complaint, and so they are denied.

## ADDITIONAL DEFENSES

10. Plaintiff fails to state a claim upon which relief can be granted.

11. CMS was not deliberately indifferent to any serious medical need.

12. Plaintiff fails to state a claim against CMS for medical negligence.

13. To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file an affidavit of merit pursuant to 18 *Del. C.* § 6853.

14. Plaintiff's claims are barred by the statute of limitations.

15. Plaintiff's civil rights claims against CMS are barred by the inapplicability of vicarious liability.

16. Plaintiff fails adequately to plead a claim for punitive damages.

17. CMS provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

18. Plaintiff has failed to exhaust his administrative remedies.

19. Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

20. Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of CMS.

21. Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom CMS is not responsible and over whom CMS had no authority or control.

22. CMS hereby adopts any and all additional defenses hereinafter asserted by its co-defendants.

23. CMS reserves the right to assert additional defenses in the future to the extent warranted by discovery.

24. CMS denies that it is liable in any measure to Plaintiff. If, however, CMS is held to answer to Plaintiff under the allegations in Plaintiff's Complaint, Plaintiff's Petition for Memorandum of Law, and Plaintiff's Amended Complaint, then CMS is entitled to indemnification and/or contribution from its co-defendants for any amount which it might be required to pay to Plaintiff.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

25. CMS denies all cross-claims asserted against it now or hereinafter.

WHEREFORE, CMS respectfully requests entry of judgment in its favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

                      BALICK & BALICK, LLC

                      /s/ James E. Drnec
                      James E. Drnec, Esquire (#3789)
                      711 King Street
                      Wilmington, Delaware 19801
                      302.658.4265
                      Attorneys for Defendant CMS

Date:   June 18, 2007

**CERTIFICATE OF SERVICE**

      I, James E. Drnec, hereby certify that on this date, I served on the parties below in the manner indicated, copies of the Defendant CMS's Answer to Plaintiff's Complaint, Plaintiff's Petition for Memorandum of Law and Plaintiff's Amended Complaint.

**VIA FIRST CLASS MAIL**
Mr. Thomas R. Miller
#144108
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                          /s/ James E. Drnec
                          James E. Drnec