IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS R. MILLER, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06-349 GMS |
| | : | |
| v. | : | |
| | : | |
| DR. MAGGIE BAILEY, CMS, and | : | |
| FIRST CORRECTIONAL | : | |
| MEDICAL, INC., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT CMS'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant Correctional Medical Services, Inc. ("CMS"), by and through its undersigned counsel of record, hereby responds to Plaintiff's Motion to amend Complaint and states as follows:

Plaintiff's Motion appears to attempt to amend his original complaint by adding defendants "Warden Thomas Carroll, and Top Officials of DCC." The Motion also appears to attempt to amend the original complaint by adding claims against all parties, including CMS, for breach of contract, fraud, and conspiracy. Plaintiff's Motion, which appears to also serve as his Amendment, should be denied as against CMS on the grounds of futility. None of the claims Plaintiff appears to attempt to add will withstand a motion to dismiss by CMS. Plaintiff had no privity to either of the contracts at issue, he has failed to plead fraud with the particularity required by Rule 9(b), and he fails to identify any factual basis to include CMS in the conspiracy he claims existed.

*The Standard for Amendment of Pleadings*

Once a responsive pleading has been filed, a party may amend the party's prior pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." F.R.C.P. 15(a). However, an amendment should not be granted where, as here, the proposed amendments will not survive a motion to dismiss. *Hess v. Carmine*, 396 A.2d 173, 176 (Del.Super. 1978) ("Under the general standard enunciated by the U. S. Supreme Court, leave to amend under Rule 15(a) should be freely given unless there is evidence of . . . futility . . . .") (*citing Foman v. Davis*, 371 U.S. 178 (1962)). Because Plaintiff's new claims will not withstand a motion to dismiss, the amendment should not be granted against CMS.

*Plaintiff's Claim for Breach of Contract Will Not Survive a Motion to Dismiss*

Plaintiff appears to attempt to amend his Complaint by adding a claim against all defendants for breach of contract. That claim cannot succeed as Plaintiff is not a party to the contracts at issue. As such, the contract claim cannot survive a Motion to Dismiss, and the amendment requested should be denied.

*Plaintiff's Claim Against CMS for Fraud Will Not Survive a Motion to Dismiss*

Pursuant to F.R.C.P. 9(b), fraud must be pled with particularity. Plaintiff's motion/proposed amendment fails to meet that standard and therefore should be denied as futile. *Bove v. Goldenberg*, 2007 WL 446014 (Del.Super. February 07, 2007) (citing Super.Ct.Civ.R. 9(b); *Albert v. Alex Brown Mgmt. Services, Inc.,* 2005 WL 2130607 (Del. Ch. August 25, 2005)). Plaintiff's allegations fail to include the "time, place and contents of the false representations." *Bove,* citing *Browne v. Robb,* 583 A.2d 949 (Del.1990). Therefore, they are insufficient as a matter of law.

In the event that Plaintiff alleges fraud as the "unlawful act" element of his conspiracy claim, these requirements "extend to a cause of action alleging a conspiracy to commit fraud.

2

Any complaint which fails to so put the defendant on notice is subject to dismissal." *Bove.* Because Plaintiff's fraud claim against CMS cannot survive a motion to dismiss, it should be stricken from the proposed amendment.

*Plaintiff's Claim Against CMS for Conspiracy Cannot Survive a Motion to Dismiss*

Plaintiff appears to attempt to amend his complaint by adding a claim of conspiracy against "all defendants in the complaint". This amendment should not be allowed against CMS. First, plaintiff pleads conspiracy pursuant to 11 *Del. C.* § 513, a section of the criminal code. Second, even if the Court considers his pleading as alleging civil conspiracy, this claim against CMS cannot survive a motion to dismiss.

To state a claim for civil conspiracy, a plaintiff must plead facts supporting: (1) the existence of a confederation or combination of two or more persons; (2) that an unlawful act was done in furtherance of the conspiracy; and (3) that the conspirators caused actual damage to the plaintiff. *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020 (Del.Ch. 2006) (citing *Nicolet, Inc. v. Nutt,* 525 A.2d 146, 149-50 (Del.1987)).

Plaintiff alleges in Count 2 that the defendants "did conspire of knowing the history of both contractors that their medical services were inadequate, below medical standards thats required under Delaware law but still oversee this very same contract being delivered to their prisons. In doing so did and still violate Title 11 § 513 and are being held liable in their individual and official capacity in this complaint." Rule 15.1 Motion to Amend (D.I. #___) (sic). This allegation appears to be directed toward prison officials, not CMS. The majority of the remaining statements in Count 2 appear to be quoted from some other source(s) and do not do anything to further establish the claim.

3

This claim makes no allegation that CMS had any knowledge of or complicity in the alleged "conspiracy", beyond an allegation that "all defendants do have an affirmative role in the conspiracy". Such allegations cannot withstand a motion to dismiss where they fail to identify the role a party played in the alleged conspiracy. *See Allied Capital Corp.*, 910 A.2d at 1037 (citing *Morris v. First Union National Bank,* 2002 WL 47961, at \*6 (E.D.Pa.2002) (dismissing a civil conspiracy claim against John Doe defendants for failure to allege sufficient facts); *Southwest Materials Handling Co. v. Nissan Motor Co., Ltd.,* 2000 WL 1664160, at \*6 (N.D.Tex.2000).

Moreover, Plaintiff misses a key element of the cause of action: the "unlawful act" in furtherance of the conspiracy. Civil conspiracy, standing alone, is not an independent cause of action. *See Brooks-McCollum v. Shareef*, 2006 WL 3587246 (Del.Super., November 1, 2006). "There must be some underlying actionable tort by each individual defendant in order to obtain recovery on a civil conspiracy theory. It is not the conspiracy itself, but rather the underlying wrong that must be actionable, even without the alleged conspiracy." *Id.*, citing *Anderson v. Airco, Inc.,* 2004 WL 2827887, at \*2-3 (Del.Super.); *Connolly v. Labowitz,* 519 A.2d 138, 143 (Del.Super .1986); *Nutt v. A.C. & S. Co., Inc.,* 517 A.2d 690, 694 (Del.Super .1986). Plaintiff's proposed amendment here fails to identify the unlawful act, or to charge CMS with its commission, a required element of the pleading, therefore the claim will not survive a motion to dismiss. *Brooks-McCollum*, (dismissing a complaint where plaintiff failed to "specifically allege any independent torts committed by the moving defendants. . . . Such generalized allegations are too amorphous to constitute a cognizable claim for civil conspiracy")

Because Plaintiff fails to identify what, if any, role CMS played in the alleged conspiracy, fails to identify the "unlawful act" and fails to allege or identify CMS's complicity,

this claim cannot survive a motion to dismiss and should therefore be stricken from the proposed amendment to the Complaint.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendant CMS respectfully requests that Plaintiff's Motion to Amend be denied as to claims against CMS.


BALICK & BALICK, LLC


     /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant CMS

Date:   July 17, 2007

**CERTIFICATE OF SERVICE**

      I, James E. Drnec, hereby certify that on this date, I served on the parties below in the manner indicated, copies of the Defendant CMS's Response to Plaintiff's Motion to Amend Complaint.

**VIA FIRST CLASS MAIL**
Mr. Thomas R. Miller
#144108
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                                /s/ James E. Drnec
                                                James E. Drnec