IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS R. MILLER
            Plaintiff,

                                        C.A. No. 06-349 GMS

V.

DR. MAGGIE BAILEY, CMS,
and FIRST CORRECTIONAL
MEDICAL, INC.,
            Defendants.

FILED

AUG - 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFF'S PETITION AGAINST DEFENDANT
FIRST CORRECTIONAL MEDICAL INC., TO
PROVE THEIR LIABLE FOR EMPLOYER, DR.
MAGGIE BAILEY NEGLIGENCE, FOR NOT
MONIRING PLAINTIFF WHOM WAS TAKEN
IRON PILLS TWICE A DAY, THAT LED
TO BEING OVERMEDICATED, WHICH
CAUSED PLAINTIFF TO HAVE ACID REFLUX
DISEASE.

<u>TO RROVE SUPERVISORY LIABILITY:</u>
CIVIL RIGHTS 78-1336

TO impose supervisory liability UNDER §1983 on government
Contractor for actions of its employees, Plaintiff must show
that there was specific supervisory practice or procedure
that contractor failed to employ, and that: (1) existing
Custom and practice without specific practice or pro-
cedure created unreasonable risk of Constitutional
Violation, (2) Contractor was aware that this unreason-
able risk existed (3) Contractor was indifferent to
that risk, and (4) Contractor's failure to follow that

Plaintiff, does not believe that DR. Maggie Bailey improper conduct of duty was done intentionally. But through her carelessness and ignorance but became negligent of unskill performance of duties resulting from such person's Proffessional relationship with Patients (such as Plaintiff) in his present Complaint.

NEGLIGENCE, as neglegent-neglect of business, of health, or of economy. 10 A. 2d 203, 205.
Failure to exercise that degree of care which a person of ordinary prudence (a reasonable man [person] would exercise under the same circumstances. The term refers to conduct which falls below the standard established by law for the Protection of others against unreasonable risk of harm.
ORDINARY NEGLIGENCE, which is failure to use ordinary care.

Plaintiff (states) that Dr. Maggie Bailey conduct falls below the standard, at the time of recieving and taking the iron medication [Pills] twice a day, for (6) months, for a low Hemagloden low blood count. He should have been monitored by Dr. Maggie Bailey or Medical staff to see if blood had risen to where its normal, by taken one pill a day, again to where its a normal blood count, off medication. Plaintiff was told by Head Nurse Brenda Horawitz that he's been overmedicated with iron pills, which led to your present condition of having acid reflux disease, The regular R.N.s did not know why I was going through my symptoms, of erosion backing up in my esophagus, or the type of medication I was taking upon their delivering and would not pull my medical record, Yes, Dr. Maggie Bailey is Negligence upon her improper conduct.

(1)

Practice or Procedure resulted in plaintiff's injury. U.S.C.A. Const. Amend. 8; 42 U.S.C.A § 1983.

VICARIOUS LIABILITY- the imputation of liability upon one person for the actions of another. In tort law, if an employee, EE, while in the scope of his employment for employer, ER, drives a delivery truck, and hits and injures P crossing the street, ER will be vicariously liable, under the doctrine of respondeat superior, for injuries sustained by P. 110 N.W. 2d 29, 34.

SCOPE OF EMPLOYMENT- the range of activities encompassed by one's employment; refers to those acts done while performing one's job duties; (the phrase... (was) adopted by the courts for the purpose of determining a master's liability for the acts of his servants (and) has 'no fixed legal or technical meaning', ...... 'the ultimate question is whether it is just that the loss resulting from the servant's acts should be considered one of the normal risks of the business in which the servant is employed which that business should bear." 145 So. 743, 745. The phrase is "a convienient means of defining those tortious acts of the servant not ordered by the master for which the policy of law imposes liability upon the master." 181 A. 2d 565, 569. The master (usually, the employer) is vicariously liable only for those torts of the servant (employee) which are committed within the scope of his or her employment. See respondeat superior. See also Employers' Liability Acts; Workers Compen--sation Acts.

RESPONDEAT SUPERIOR - This doctrine is invoked when there is a master and servant relationship between two parties. The "respondeat superior" doctrine stands for the proposition that when an employer, dubbed "master", is acting through the facility of an employee or agent, dubbed "servant", and tort liability is incurred during

(3)

the course of this agency due to some fault of the agent, then the employer or master must accept the responsibility. Implicit in this is the common law notion that a duty rests upon every person to conduct his or her affairs so as not to injure another, whether or not in managing the affairs he or she employs agents or servants. See 143 P. 2d 554, 556. This doctrine is civil in its application. See 9 N.W. 2d 518, 521. See scope of employment. Compare Vicarious liability.

EMPLOYERS' LIABILITY ACTS -

Statutes specifying the extent to which employers shall be liable to make compensation for injuries sustained by their employees in the course of employment. 53 AM. JUR. 2d, Master and Servant §§ 341, 353. Unlike Workers' Compensation laws, which have replaced these acts in many states, the employer is made liable only for injur-ies resulting from his breach of a duty owed the employee-ie, his negligence— and is not strictly liable. 52 So. 878, 880. Like workers' compensation, however, many of these acts do abolish the use by the employer of the common law defenses of contributory negligence, assumpt-ion of the risk, and the fellow servant rule. See 53 Am. Jur. 2d 354. See also Federal Employer's Liability Acts.

See Carter v. City of Philadelphia, 181 F. 3d 339, 357-58 (3d Cir 1999)

CMS can be held liable for charging Plaintiff for sick call visits and medication, after they taken over the Contract in August 05.

(3)

TO impose supervisory liability on FCM for the actions of its employees, [Plaintiff] must show that there "was a specific supervisory practice or procedure that [FCM] failed to employ [,]" Sample v. Diecks, 885 F.2d 1099, 1118 (3rd cir. 1989) and that "(1) the existing custom and practice without that specific practice or procedure created an unreasonable risk [OF Eighth Amendment injury], (2)[FCM] was aware that this unreasonable risk existed, (3)[FCM] was indifferent to that risk," and (4) FCM's failure to follow that practice or proc--edure resulted in Plaintiff's Miller's injury.

While Plaintiff's complaint does not explicitly set forth such a policy or the existing custom and practice, to require him, a pro se inmate plaintiff to do so and to attribute such to FCM, and show that FCM was indifferent to the risk created, would be "unduly harsh" at this stage. See Carter v. City of Philadelphia, 181 F.3d 339, 357-58 (3d cir. 1999) holding that inmate Plaintiffs cannot be "expected to know without discovery exactly what training policies were in Place and how they were adopted." In Plaintiff Miller's complaint, Miller show true facts that he was over medicated with iron medication [Pills] taken twice a day for (6) months, from January to June 04, without ever being monitored by either Physician Dr. Maggie Bailey or Medical staff, that led to his present condition of having acid reflux disease. which Plaintiff takes medication dailey For this disease.

(4)

These true facts are sufficient to permit further development of the record. See Ward v. Taylor, NO. 04-1391 2006 WL 839402, at *6 (D. Del. March 30, 2006).

WHEREFORE, PLAINTIFF respectfully request entry of Judgement in his favor and against First Correctional Medical (FCM) to liquidate a claim, a judicial contest, and a demand for jury trial.

Date: July 26, 2007

THOMAS R, MILLER

Thomas R Miller
1181 Paddock Rd
D CC
SMyrna De 19977

(5)

## CERTIFICATE OF SERVICE

I, Thomas R, Miller, hereby certify that on this date, I served on the parties below in the manner indicated, copies of the plaintiff An Affidavit of Merit pursuant to Del. Code Ann. Tit 18 § 6853 TO Dr. Maggie Bailes medical malpractice for being negligent, for overmedicating, for Plaintiff without being Monitored that led to having acid reflux Disease which is serious without medication.

TO: Honorable Gregory Sleet
United States District Court
844 N. King Street, Lock box 19
Wilmington, DE 19801-3570

TO: Office of the Clerk
United States District Court
844 N. King Street Lock box 18
Wilmington, Delaware 19801-3570

TO: First Medical Correctional INC
~~6861 North or~~
205 W. Giaconda Way STE 115
Tucson AZ 85704-4350

TO: Balick & Balick LLC
711 North King Street
Wilmington, DE 19801

Thomas R Miller
Thomas R, Miller

DATE: July 26, 2007

I/M Thomas R. Miller

SBI# 144108    UNIT 22-A-V-5

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977



TO: Office of The Clerk

United States District Court

844 N. King Street Lockbox 18

Wilmington DE

19801-3570

Legal Mail

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS R. MILLER                    )      C.A. NO. 06-349 GMS
        Plaintiff,                  )
                                    )
                                    )
V.                                  )
                                    )
DR. MAGGIE BAILEY                   )
CMS, FIRST CORRECTIONAL             )
MEDICAL, INC,                       )
        Defendants.                 )



AN AFFIDAVIT OF MERIT — BD scanned
PURSUANT TO Del Code Ann.
tit. 18. § 6853. TO DR. MAGGIE
BAILEY'S MEDICAL MALPRACTICE
FOR BEING NEGLIGENT, FOR
OVER MEDICATING, PLAINTIFF
WITHOUT BEING MONITORED
THAT LED TO HAVING ACID
REFLUX DISEASE, WHICH
IS SERIOUS WITHOUT MED-
-ICATION.,

<u>MALPRACTICE</u>
· a proffessional's improper or immoral conduct in the performance of duties, done either intentionally or through carelessness or ignorance. 134 <u>S.E. 527</u>; <u>234 N.Y.S. 52, 53</u>. The term is commonly applied to a physician, surgeon, dentist, lawyer, or public officer to denote the negligent or unskilled Performance of duties resulting from such person's proffessional relationship with Patients or clients. <u>72 F. Supp. 394, 399</u>; <u>236 N.Y.S. 641</u>.

SWORN ON THIS DATE ___July 26, 2007___ , FROM

PLAINTIFF ___Thomas R Miller___.

<u>Public Notary</u>
Osman Sammander

OSMAN SAMMANDER
Notary Public
State of Delaware
My Comm. Expires June 14 2008

<u>Thomas R, Miller</u>
1181 Paddock Rd
D.C.C
Smyrna, DR 19977

(2)