IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Thomas R. Miller )  C.A. NO: 06-349-GMS
    Plaintiff, ) Jury trial requested
 )
v. )
 )
Dr. Maggie Bailey and )
First Correction Medical )
Inc's )
    Defendants. )

## PLAINTIFF'S REPLY TO FIRST CORRECTION MEDICAL INC'S ANSWER TO THE AMENDED COMPLAINT



FILED
DEC 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RO scanned

Plaintiffs response to defendant's First Affirmative Defense. This amended complaint goes to the original complaint which shows a relief that can be granted.

2. ### Second Affirmative Defense

Plaintiff's amended complaint cannot be barred by the applicable statue of limitations. Reason set forth first Correction Medical Inc's where the intended party that should went in the original complaint that was filed May 22, 2006. First Correction Medical Inc's where the Contractors from January 2004 to June 2004 and are to be held liable for the negligence of Dr. Maggie Bailey.

3. ### Third Affirmative Defense

Plaintiff has exhausted all administrative remedies in the filing of the complaint against First correction Medical Inc's.

4. ### Fourth Affirmative Defense

Plaintiff have not failed to obtain and expert to verify his claim. Reason set forth plaintiff have not gotten an order from the Court to proceed on to where an expert would be needed.

5. ### Fifth Affirmative Defense

Plaintiff plead and showed negligence on Dr. Maggie Bailey for being overmedicated from iron medication without ever being monitored that led to his acid reflux desease in the original complaint and memorandum of law.

On May 9, 2007 Honorable Gregory Sleet issued court order pursuant to supplemental service order to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff has completed and returned to the clerk of the Court an original U.S. Marshall 285 form for the defendants First Correction Medical Inc's. Plaintiff claims the court order dated May 9, 2007 (stated) within (60) days of order. This order will supplement the Court's December 14, 2006, and April 18, 2007 service orders (DI 12, RI) of receipt of the petition and the order in accordance with the supplemental service order respondents shall respond. Plaintiff made (2) attempts to sending amended complaint affidavit of merit to the address of First Correction Medical Inc's which was rejected by them twice. Plaintiff claims it has been (60) days and the respondents have failed or refused to respond as required by law.

Plaintiff also claims the respondents have not filed for an extention of time to file an answer (at the prescribed court order) therefore plaintiff request this Honorable Court to strike any out of time answers filed by respondents. A motion for default Judgement was entered in July 07. The original complaint was filed May 22, 2006, (23) months before the statue of limitations would been up one month.)

## Civil Actions of the District Court

<u>Amending the complaint:</u> Rule 15 of the Federal Rules of Civil procedure provides a mechanism for amending the complaint after it has been filed. Rule 15(a) provides that (A) Party may amend his pleading once as a matter of course at any time before a responsive pleading is served.

Rule 15(b) allows a motion to amend the pleadings. This section can be used when issues come up at trial that are not clearly within the scope of the facts alleged in the complaint. The purpose of using this section are generally to "perfect the record" in case there is an appeal and to address an objection that evidence being offered does not relate to matters within the pleadings.

Rule 15(c) addresses "relation back." A hypothetical use for this rule is shown in the following example: Assume that a prisoner files a pro se civil rights complaint twenty months after the incident that violated his rights. Assume also that he is in a jurisdiction where the statue of limitations is two years (24 months). Finally assume that twenty-five months after the violation the prisoner finds out information that leads him to believe that the staff willfully and maliciously (as opposed to carelessy or negligently) violated his rights and that two additional staff members were implicated in the incident.

The inmate can ask the Court to apply Rule 15(c) and allow him to amend the complaint to add the other officers names as defendants. He can also seek permission to make a claim for punitive damages that he couldn't ask for before under the negligence claim, based upon the new information about willful and malicous conduct.

The Court will consider whether or not the claim or defense that a party wants to add arose from the conduct, transaction or occurrence found in the original complaint. If the Court finds a sufficient relationship and no undo prejudice it may allow the "relation back." There are other requirements also necessary to satisfy Rule 15(c). Among these other considerations would be a determination of whether the people that you wish to add knew, or should have known, that they might be subjected to answering to the allegations of the complaint.

Right here plaintiff falls within Rule 15(c) behind the granting of the amended complaint to First Correction Medical Inc's after the two year statue of limitation was up. (Reason set forth) the amended complaint "relation back" goes back to as original complaint. From January 2004 to June 2004 First correction medical Inc's was the contractor for the state of Delaware.

at the time plaintiff was overmedicated which arose from the same transaction of original complaint, punitive damage already mentioned. As to the crux of the complaint it shows neglect, negligence to the meaning of deliberate indifference to an eigth amendment claim.

Therefore plaintiff request this Court to strike respondents December 14, 2007 answer to the amended complaint.

Wherefore the plaintiff request this Court in respect, not to dismiss the defendants from this #1983 medical complaint and grant in his favor.

Dated: December 23, 2007

Thomas R. Miller
DCC, 1181 Paddock Rd.
Smyrna, Del 19977

## CERTIFICATE OF SERVICE

I certify that, on this date, one copy of Plaintiff's Reply To First Correction Medical Inc's answer to the amended complaint, were served, by mail, on the following individuals:

TO: Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

TO: HECKLER & FRABIZZIO
Daniel L. McKenty
Attorney for Defendant
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
Attorney for Defendants, First Correction Medical.

Date: December 23, 2007

Thomas R. Miller
DCC 1181 Paddock Rd
Smyrna, Del 19977

I/M Thomas R. Miller
SBI# 144108   UNIT 22-A-U-S
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 DEC 26  PM 2:41

$00.58⁰
DEC 24 2007
MAILED FROM ZIP CODE 19977

U.S.M.S
X-RAY

TO: Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801-3570

Legal Mail   19801-3510