IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS R. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-349-GMS |
| | ) |
| DR. MAGGIE BAILEY, and FIRST | ) |
| CORRECTIONAL MEDICAL, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 11th day of Feb, 2008,

IT IS ORDERED that:

1. **Background**. The plaintiff, Thomas R. Miller ("Miller"), is an inmate at the Delaware Correctional Center ("DCC"). He filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants are deliberately indifferent to his serious medical needs. More particularly, he alleges that he was over-medicated with iron pills and was not monitored while taking the pills resulting in the onset of acid reflux disease. Miller also alleges that Zantac is indicated for his condition but, for a time, he was "cut off" from the medication. Miller filed his original complaint on May 25, 2006, followed by amendments to the complaint on January 8, 2007, and May 3, 2007. (D.I. 2, 17, 22.)

2. **Motion to Amend/Correct**. Miller's motion to amend/correct is **denied** as the proposed amendment is futile and frivolous. (D.I. 30) Miller seeks to amend his complaint to reinstate as a defendant the former warden at DCC, Thomas Carroll ("Carroll"). Carroll was dismissed as a defendant because the complaint did not contain any allegations against him and

did not allege any personal involvement by Carroll. (D.I. 12.) He also wishes to add as defendants "top officials of DCC" as "overseers of the administration." The proposed claims include breach of contract by medical vendors, Carroll, and top officials of DCC, conspiracy in violation of Del. Code Ann. tit. 11, § 513, and fraud.

    3. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Additionally, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

    4. The proposed amendment is frivolous and also advances claims that are legally insufficient on their face. For example, Miller is not a party to the contracts entered into by the medical providers and the Department of Correction and, therefore, lacks standing to raise a breach of contract claim. *See Bishop v. Murphy*, No. Civ. A. 05A-05-002 MMJ, 2006 WL

1067274 (Del. Super. Ct. Apr 10, 2006). The statute under which Miller alleges conspiracy, Del. Code Ann. tit. 11, § 513, is a criminal statute and fails to state a claim. Finally, the proposed amendment fails to state a claim for fraud. The elements of common law fraud are: (1) a false representation, usually one of fact, made by the defendant; (2) the defendant's knowledge or belief that the representation was false or made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance on the representation; and (5) damage to the plaintiff as a result of such reliance. *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. Super. Ct. 1983).

    5. **Motion for Default Judgment**. Miller's motions for default judgment against the defendant First Correctional Medical, Inc. ("FCM") are **denied**. (D.I. 31, 42.) FCM executed its waiver of service on July 31, 2007, and its answer was due on October 1, 2007. (D.I. 36.) It belatedly filed an answer on December 17, 2007. (D.I. 44.) Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The court exercises its discretion and will not enter judgment by default against FCM.

    6. **Motion to Dismiss**. The defendant, Correctional Medical Services, Inc.'s ("CMS") motion to dismiss pursuant to 18 Del. C. § 6853 is **denied** as **moot**. (D.I. 35.) On December 18,

2007, the court entered an order dismissing all claims against the defendant, CMS. (D.I. 45.)



CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 12 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE