IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS R. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-349-GMS |
| | ) |
| DR. MAGGIE BAILEY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of Nov., 2012;

IT IS ORDERED that the plaintiff has failed to show cause for his failure to prosecute and the case is dismissed, for the reasons that follow:

## I. INTRODUCTION

The plaintiff, Thomas R. Miller ("Miller"), is an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware. Miller filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He proceeds *pro se* and has been granted leave to proceed without prepayment of fees.

## II. BACKGROUND

The complaint alleges deliberate indifference to serious medical needs. More particularly, it alleges that Thomas was over-medicated with iron pills and was not monitored while taking the pills resulting in the onset of acid reflux disease. In addition, the complaint alleges that Zantac is indicated for Miller's condition but, for a time, he was "cut off" from the medication.

The defendant Warden Thomas Carroll was dismissed upon screening of the case (D.I. 12) and the defendant Correctional Medical Services, Inc. was dismissed on December 18, 2007 (D.I. 45). The defendant Dr. Maggie Bailey was served but has never answered or otherwise appeared. (*See* D. I. 34.) The defendant First Correctional Medical, Inc. ("FCM") was represented by counsel and it answered the complaint. On January 29, 2008, its attorney moved to withdraw, the court granted the motion, and ordered FCM to retain new counsel on or before October 6, 2008. (D.I. 57) FCM failed to retain counsel.

On April 20, 2010, the clerk entered default against FCM. Thomas followed the entry of default with motions for default judgment as to FCM. The court denied the motions without prejudice and, on September 23, 2010, gave Miller thirty days from the date of the order to file documentation with the court describing how he had been injured by FCM. (D.I. 75.) Miller was advised that the court would determine whether default judgment and/or damages were appropriate based upon the filings and the other papers of record. Instead of complying with the order, on October 19, 2010, Miller requested issuance of a subpoena directed to the director of CCS, the current medical service provider for the Delaware Department of Correction. (D.I. 76.)

On January 13, 2012, because no action had been taken by Miller since October 19, 2010, the court entered an order for Miller to show cause why the case should not be dismissed for failure to prosecute. (D.I. 77.) Miller responded to the order on February 9, 2012. (D.I. 78.) He has taken no action since that time.

### III. DISCUSSION

The court turns to the issue of Miller's failure to prosecute, given that he has not participated in this case since February 9, 2012. Pursuant to Fed. R. Civ. P. 41(b), a court may

2

dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (not published).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

The court finds that the *Poulis* factors warrant dismissal of plaintiff's case. First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). When Miller responded to the January 13,

3

2012 show cause order, he provided no reason for his failure to take any action in this case or for his failure to file documentation to support his claim for damages. (*See* D.I. 78.)

Second, defendant is prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Miller contends that he is entitled to damages, but provides no evidence to support his claim.

As to the third factor, there is a history of dilatoriness inasmuch as plaintiff failed to respond to the court's September 23, 2010 order to file documentation of his injuries or to take any action until ordered by the court to show cause on January 13, 2012.

As to the fourth factor, the court cannot say that Miller's failure to prosecute is willful or in bad faith. Nonetheless, Miller filed this action and it is his responsibility to produce documentation to support a claim of damages.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Because plaintiff proceeds pro se and in forma pauperis, it is doubtful that monetary sanctions would be effective.

As to the sixth factor, the merits of the claim, plaintiff alleges violations of his constitutional rights. The court takes no position as to this factor.

The court finds that the *Poulis* factors weigh in favor of dismissal given plaintiff's failure to: (1) comply with the court's September 23, 2010 order; (2) file documentation to support his claim for damages; and (3) provide cause for his failure to take any action in this case from September 2010 until February 2012; and (4) take any action from February 2012 to the date of this order.

## IV. CONCLUSION

For the above reasons, the court dismisses the case for failure to prosecute.

_____
CHIEF, UNITED STATES DISTRICT JUDGE